IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE FISHMAN ORGANIZATION, INC. | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO.  11-04598 |
| | : | |
| FRICK TRANSFER, INC. | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                              August   1, 2014

Presently before the court is Plaintiff The Fishman Organization's ("Fishman" or "Plaintiff") "Brief with Regard to Interest Calculation" (Doc. 59), and Defendant Frick Transfer Inc.'s ("Frick" or "Defendant") "Brief with Regard to the Entitlement of Interest" (Doc. 60), both of which address the entitlement and extent of interest to be awarded to Fishman upon the judgment in its favor entered on April 17, 2013 (Doc. 51). Following the entry of that judgment, Frick filed an appeal with the Third Circuit Court of Appeals (Doc. 52).  On May 22, 2014, that Court affirmed the judgment and remanded the matter back to the District Court (Doc. 55).  We instructed the parties to meet and confer in an effort to reach agreement on the calculation of such interest without further court intervention (Doc. 56). Following the June 6, 2014 deadline, which we imposed, the parties instructed the Court they were unable to reach any such agreement.  The Court then called for briefs from the parties addressing the interest calculation (Doc. 58).  The briefs have been submitted and the matter is now ripe for resolution.

I.    DISCUSSION

Fishman correctly notes that the Court found in its favor on Count 1, its breach of

contract claim and, under the "gist of the action doctrine," dismissed the negligence claims set out in Counts 2 and 3.  (*See* Doc. 50.)  Fishman then argues that contract principles apply, making the 6% per annum rate set out in 41 P.S. § 202 the applicable standard for assessing interest.  Fishman further takes the position that the interest calculation should apply as of June 2007, the date that the thief, Daniel Lewandowski, began stealing the product from the storage area.  Plaintiff incorrectly argues, however, that interest should apply from the June 2007 date until the date the judgment is satisfied, ignoring the distinction between pre-judgment and post-judgment interest where, pursuant to 28 U.S.C. § 1961 "[i]nterest shall be allowed on any money judgment in a civil case recovered in District Court."[1] Therefore, Fishman is entitled to the 6% pre-judgment interest rate under 41 P.S. § 202 only up to the April 17, 2013 date of the entry of the final judgment.

As anticipated by Fishman, Frick argues 41 P.S. § 202 does not apply in that the damages are not "ascertainable from the terms of the contract" and, accordingly, the Court should revert to Pennsylvania's Rule on delay charge, Pa. R. Civ. P. 238.  Frick has directed our attention to *Cresci Construction Services, Inc. v. James B. Martin*, 64 A.3d 3d 254 (Pa. Super. Ct. 2013), where the Superior Court, following the Restatement (Second) of Contracts § 354 limits the awarding of the contract rate of interest to contracts which called for the rendering of "a performance for a monetary amount

---

[1] The relevant portion of the law reads:

> Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C. § 1961.

calculated from the established market prices." *Id.* at 265.  While Frick correctly points out that the bailment contract itself makes no reference to the value – or even a description of the product – we clearly established a market value of the stolen product set out in our Opinion.  The policy question addressed by *Cresci* obligates us to consider whether "at the time of the breach, the breaching party can proffer a tender." *Id.* at 265. We addressed the question in our Opinion and set a market value of the stolen product at the wholesale price.  Certainly Frick could have done the same.  We decline to reward that failure by denying Fishman the benefit of prejudgment interest.

We also note that we have already determined that "Fishman is entitled to simple interest at the rate of 6% per annum from the date the cause of action accrued." *See* Doc. 50.  Frick's position raising the objection to interest being awarded at all is untimely. Fed. R. Civ. P. 59(e) provides that a motion to alter or amend or judgment must be filed no later than 28 days after the entry of the judgment.  Our Supreme Court has instructed that "an award of discretionary prejudgment interest is part of the merits of the court's decision.  Accordingly, a post-judgment motion for discretionary pre-judgment interest should be brought pursuant to Fed. R. Civ. P. 59(e)." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176 (1989).  While we saw the entitlement to interest should be one which Fishman was entitled to as a matter of right, and so indicated in our Memorandum Opinion (*see* Doc. 50, pp. 10-11), Frick's failure to seek relief from that aspect of the judgment pursuant to Fed. R. Civ. P. 59(e) precludes it from seeking a reconsideration as of this late date even if it were considered discretionary.[2]

---

[2] In any event, we are unpersuaded by Frick that Fishman should be precluded from entitlement to pre-judgment interest, even if discretionary, given the circumstance that the losses, which we fixed at a unit price of $28.48, were ascertainable.

II.     CALCULATIONS

Contrary to Fishman's analysis, Frick has suggested Pa. Civ. Proc. Rule 238 be used for the calculation of the interest start date.  It argues that even if the court would grant interest as a matter of right or a matter of discretion, it should make reference to Rule 238 for the purpose of calculating the start date.  (Defendant's Brief, page 4.)  We reject this argument.  First, as Fishman correctly notes, contract principles apply and damages for delay are not applicable to breach of contract actions.  *See Touloumes v. E.S.C. Inc.*, 899 A.2d 343 (Pa. 2006).  Further, the exact amounts of product taken, and its pricing, was fixed at trial.  While the thefts occurred over time, we had enough information to assign an accrued date for the purpose of determining when interest would start to run.  According to trial records Mr. Lewandowski stole the product gradually over time from June of 2007 until September of 2009.  Lacking a relationship between time and amount of product stolen, we will assume it was evenly stolen and take a midpoint between the two dates.[3]  With the first date being June 15, 2007 and the last date of September 15, 2009, this leaves a span of 27 months in which the product was being stolen.  The midpoint from this 27 months time would be July 30, 2008, from which the interest will run at 6% until April 17, 2013.[4]  Our calculation of interest at 6% from July 30, 2008 until the date of the entry of the $161,994.24 amount achieves an interest of

---

[3] Reviewing the trial record, the contemporaneous evidence shows that product was taken regularly until the September 2009 date.  However, there is no established date from which the product began to be taken at a more regular or significant rate than previously before in relation to both time and amount.  Therefore, the Court finds it necessary to choose the midpoint between the two dates.

[4] These dates represent the midpoint of the product being stolen and the lease end date.

$45,876.77, leading to a judgment of $207,871.01 before the taking of credits.

Frick is entitled to 6% interest on the unpaid credits of $47,374.20 owed to it by Fishman for the period from October 1, 2010 to December 31, 2012, the lease end date.[5] Taking the midpoint between these two dates lead us to November 16, 2011, the date from which we will run interest at 6% per annum until the lease end date. Adding this sum takes us to a figure of $207,871.01, from which we subtract the final rent credit amount of $48,795.43, including interest, to reach a figure of $159,075.58. Finally, the last remaining issue is calculating pre-judgment interest on the credits from December 31, 2012 to the April 17, 2013 final judgment date. This sum is $824.31, which brings us to a final judgment amount of $158,251.27.

To the extent that Frick is entitled to any further rent credits, the parties are left to apply those sums against this final judgment amount. Frick is also entitled to further credit for the restitution paid by Mr. Lewandowski of $2,200 together with any further sums that might have been paid subsequent to our 2013 judgment order.

Further, we acknowledge that Frick would be entitled to rent credits for any continued use of the facility by Fishman subsequent to December 31, 2012. We are advised by the parties that there are other additional invoices for which credit will be applied, amounting to $8,903.86. We leave to the parties the proper application of these sums to any available credits to which Frick many be entitled.

We leave the question of post-judgment interest to the Clerk of Court pursuant to 28 U.S.C. § 1961. (*See* Footnote 1, *supra*.)

An appropriate Order follows.

---

[5] Both sides agree that rent credits due to Defendant are $47,374.20.